# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTICT OF OKLAHOMA

(1) LYNN SCRUGGS )
an individual )
      Plaintiff, )
)
v. ) Case No. CIV-20-1265-J
)
(1) THE CITY OF LINDSAY, )
a municipal corporation )
      Defendant. )

## COMPLAINT

The Plaintiff, Lynn Scruggs, for his claim for Tort relief against the Defendant, The City of Lindsay, a municipal corporation, state:

## JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Garvin County, Oklahoma as the property owner.

2. Defendant is the City of Lindsay in the State of Oklahoma; a municipal corporation, and the claims alleged herein arose out of actions within Lindsay, Oklahoma, Garvin County, State of Oklahoma.

3. The claims alleged herein occurred in Garvin County Oklahoma, and pertain to real property situated in Garvin County, the Plaintiff's property is located at 306 S.E 4th, Lindsay, Oklahoma 73152, and states plead as follows,

## FACTUAL BACKGROUND

4. Paragraphs 1 through 15 are incorporated by reference.

5. Plaintiff, at all relevant times, is the record owners in fee and is

in legal possession of the surface estate of the following described real property situated in Garvin County, State of Oklahoma:  *Lot 6, in Block 60, in the City of Lindsay, Garvin County Oklahoma, surface estate only.*

6. The above noted property has been an investment property with the purpose of income being derived from the rental for the property rights to various individuals. In January of 2016, the Plaintiff received a commercial accessary permit from the Defendant to build a metal building for a commercial use, a tire automotive shop.

7. The Plaintiff had negotiated to lease the property for an automotive business, with a completed commercial building on the property.

8. Next, the City of Lindsay operates and maintains the electrical utility services within the city limits, and is responsible for the location, maintenance, and/or relocation of their powerlines. However, once the permit was issued and construction started, it became apparent that a Defendant's powerlines, which runs across the property, would need to be relocated or raised, so that the building could be physically erected, without the roof coming in to contact with the powerlines. The Plaintiff maintains that the Defendant's refusal to remove the powerlines, which effectively was a taken of his property, thereby substantially lessened its value, as well as preventing income from being generated. "The market value fairly determined is the normal measure of the recovery *id*. And that value may reflect the use to which the land could readily be converted, as well as the existing use." *United State v. Powerlson*, 319 U.S. 266 (1946).

9. The Plaintiff informed the Defendant that the powerline needed to be removed or relocated. In fact, the Plaintiff requested that the lines be removed on multiple occasions, all requests were ignored. As a result of the Plaintiff's multiple requests, the Defendant was placed on notice that the Plaintiff business relationship was being jeopardized.

10. The Plaintiff made his last request on January 6, 2020 and that request was ignored as well. As a result of the Defendant's lack of action, the Plaintiff's contractual arrangement with the auto business was negated, and the individual contacted to lease the building found accommodations elsewhere.

11. Next, the Plaintiff filed a tort claim on January 28, 2020 and that claim was denied by operation of law on April 27, 2020. The Defendant's denial of the claim gave the Plaintiff until October 24, 2020 to file a legal action to recover damages, in accordance with Okla. Stat. title 51, § 151-157.  However, as a result of the Oklahoma Supreme Court's Order, *SCAD No*. 2020-36, issued on May 15, 2020, and again on April 29, 2020, the deadline for filing this suit was tolled 60 days, or until December 23, 2020; the Plaintiff's action is timely.

## **FIRST  CLAIM FOR RELIEF – VIOLATION OF 42 U.S.C. § 1983**

14. Under 42 U.S.C. § 1983 the actions of the Defendant are and was unconstitutional, and there by violates the 5th amendment of the United States Constitution. Additionally, under 42 U.S.C. § 1983, the Defendant implements or executes an ordinance, or regulation, or decisions which directly deprive the Plaintiff of Constitutionally protected rights and these actions have been officially adopted or promulgated by those whose edicts or acts to represent official policy, municipal employees.

## **SECOND CLAIM FOR RELIEF – GOVERNMENTAL TAKING**

15. Pursuant to U. S. Const. amend. V., and Section Article 2 section 23 of the Oklahoma Constitution, no private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law.

16. The Defendant effectively took the Plaintiff's private property and can cite no legitimate public interest. *Pittsburg v. Cochrane*, 1948 OK 121, 200 Okla. 497, 197 P.2d 287, 1948 Okla. LEXIS 345.

## THIRD CLAIM FOR RELIEF – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

17. Defendant negligently interfered with Plaintiff business relationship and made it impossible for Plaintiff to continue his contractual relationship with the individual for the property or to contract with another. As such, Plaintiff is entitled to damages for lost revenue, lost depreciation of land value, as well as expenses for upkeep on the property since the time the Defendant refused to move the utility line on property.

*Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

b. Award cost of this action including attorney fees to Plaintiff, and

c. Award punitive damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

d. Award such other relief as this Court may deem just and appropriate or granted by law.

/s/Phillip Scott Spratt_____
Phillip Scott Spratt, OBA No. 21365
The Spratt Law Firm
333 NW 5th Street, Suite 415
Oklahoma City, Oklahoma 73102
Phone: 405-701-3033
Fax: 405-600-7351

EMAIL: Scott@Sprattlawfirm.com
ATTORNEY FOR THE PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**